# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADEWALE ALADEKOBA :
:
Petitioner, :
: CIVIL ACTION NO. 3:09-cv-01819
v. :
:
R. MARTINEZ, : (JUDGE CAPUTO)
: (MAGISTRATE JUDGE SMYSER )
Respondent :

## MEMORANDUM

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") of November 16, 2009 (Doc. 5) and Petitioner's Objections to the Magistrate Judge's R&R (Doc. 8). Magistrate Judge Smyser recommended that Petitioner's petition for a writ of habeas corpus be dismissed because he does not meet the narrow requirements that would allow this Court to consider a habeas petition under 42 U.S.C. § 2241. This Court will adopt Judge Smyser's R & R for the reasons discussed more fully below.

## BACKGROUND

On March 14, 1994, Petitioner, Adewale Aladekoba, was convicted of conspiracy to distribute and possess heroin with intent to distribute, possession of heroin with intent to distribute, and possession of a firearm during and in relation to a drug trafficking crime, pursuant to 18 U.S.C. § 924(c)(1). (Doc. 1.) Petitioner filed a direct appeal with the Fourth Circuit Court of Appeals; his appeal was denied on November 17, 1997. *United States v. Aladekoba*, 129 F.3d 1260 (table) (4th Cir. 1997), *cert. denied*, 523 U.S. 1100 (1998).

Petitioner filed a motion for post-conviction relief pursuant to 42 U.S.C. § 2255 in the United States District Court for the District of Maryland. (Doc. 1.) In that petition, Petitioner made several claims for ineffective assistance of counsel, including counsel's failure to raise

the issue of whether Petitioner's firearms conviction could stand on the basis of *United States v. Bailey,* 516 U.S. 137 (1995). *United States v. Aladekoba*, Nos. Civ, WMN-99-1180, CR. WMN-93-018, 2001 WL 487763, at *2 (D. Md. April 24, 2001), *aff'd*, 22 Fed. Appx. 199 (4th Cir. 2001).

On September 22, 2009, Mr. Aladekoba filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his firearms convictions because he is "actually innocent" in light of *Bailey* and *Muscarella v. United States*, 524 U.S. 125 (1998) . (Doc. 1.) On November 16, 2009, Magistrate Judge Smyser issued his R & R suggesting that the petition for writ of habeas corpus be denied. (Doc. 5.) On December 30, 2009, Petitioner filed his Objections to the R & R and an accompanying memorandum of law. (Docs. 8-9.) No response to these Objections was filed.

## **STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions

of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

### I.     42 U.S.C. § 2255 Safety-Valve

42 U.S.C. § 2255 gives prisoners in custody pursuant to a federal crime the right to attack their conviction on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Generally, this is the preferred avenue for post-conviction relief for prisoners convicted for violation of federal statutes. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997) (noting that after Congress enacted § 2255, it has been "the usual avenue for federal prisoners seeking to challenge the legality of their confinement," not § 2241).

42 U.S.C. § 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*." (Emphasis added). Thus, a district court cannot entertain a habeas petition filed pursuant to § 2241 unless a § 2255 motion would be inadequate or ineffective. *Cradle v. United States*,

3

290 F.3d 536, 538 (3d Cir. 2002) (citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971)).

In order to prove that § 2255 in inadequate or ineffective, the petitioner must show that some limitation of scope or procedure prevents § 2255 from affording the petitioner with a full hearing or adjudication of his wrongful detention claim. *Id.* (citations omitted). It is the efficacy of the remedy provided by § 2255 that is determinative, not the inability or failure of the petitioner to use it that is dispositive; therefore, § 2255 will not be deemed inadequate or ineffective simply because "the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539 (citing *Dorsainvil*, 119 F.3d at 251).

**II.** ***Bailey/Dorsainvil***

In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court held that, in order for a defendant to be convicted for using or carrying a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1), the government must prove that the defendant "actively employed the firearm during and in relation to the predicate crime." *Bailey*, 516 U.S. at 150.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the petitioner had been convicted for violation of 18 U.S.C. § 924(c)(1) and sought to have his conviction vacated in light of the intervening precedent set down in *Bailey.* In *Dorsainvil*, petitioner sought to amend his previous § 2255 petition, but the Third Circuit Court of Appeals denied petitioner's attempt to file a second petition under § 2255 because he did not meet the strict requirements for filing a second § 2255 petition. *Dorsainvil*, 119 F.3d at 247-48.

4

However, the appellate court denied the certification for leave to file a second petition without prejudice to petitioner's right to file a habeas petition pursuant to § 2241, thereby leaving the door open for a § 2241 claim. The Court of Appeals was, however, careful to point out the narrow nature of its holding. The court noted that § 2255 was not inadequate or ineffective as to the petitioner simply because he could not meet the gatekeeping requirements to file an amended § 2255 petition, but because of "Dorsainvil's unusual position-that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Id.* at 251. The holding that § 2255 was inadequate or ineffective was, therefore, "a narrow one," limited to the "unusual situation" where *Bailey* was decided after the petitioner's first § 2255 petition was decided. *Id*. at 251-52.

### III. Application

The instant case does not fall within the narrow ambit of the holding in *Dorsainvil*. Petitioner had several opportunities to challenge his conviction. First, he could have done so on his direct appeal, which was taken after *Bailey* was decided; in fact, one of his co-defendants in the same appeal challenged his conviction successfully under *Bailey*. Furthermore, Petitioner had an opportunity to challenge his conviction in his previous § 2255 petition in the District of Maryland. This was filed and decided after *Bailey*, also removing Petitioner from the situation envisioned in *Dorsainvil*. Also, Petitioner contended in his prior § 2255 petition that appellate counsel was ineffective because he failed to argue that the firearms convictions should be overturned in light of the Supreme Court's holding in *Bailey*. Implicitly, this suggests that Petitioner could have challenged his conviction through *Bailey*

5

during his appeal, and explicitly, it demonstrates that § 2255 provided him with an opportunity to argue his position of actual innocence based on the Supreme Court's *Bailey* holding when his previous petition was filed. Therefore, Petitioner has not proven that § 2255 is inadequate or ineffective. Thus, he is not subject to the safety-valve provision in that section and § 2241 is not an appropriate vehicle for him to challenge his firearms conviction. Magistrate Judge Smyser's R & R will be adopted.

### IV.     Petitioner's Objections

Petitioner's objections to Magistrate Judge Smyser's R & R are two-fold: 1) Magistrate Judge Smyser's review of the record was insufficient because he did not review the records of this case *in toto*, which precluded Magistrate Judge Smyser from making a determination regarding whether the Petitioner was afforded a fair opportunity to challenge his firearm conviction and 2) Magistrate Judge Smyser should have enjoined the United States Attorney's Office from preparing a response to the merits of petitioners claims because there had not been an independent review of the record.

First, the Court notes that Petitioner does not cite any case for the proposition that a Court must review the entire record, including trial transcripts, appeallate transcripts, court filings and collateral attack documents in order to determine whether Petitioner has been given a fair opportunity to challenge his conviction. In fact, the Third Circuit Court of Appeals has denied a § 2241 petition without knowing the grounds raised in the previous § 2255 petition. *See Cradle*, 290 F.3d at 538. Nor does Petitioner allege any specified deprivation that has occurred that robbed him of a fair and meaningful opportunity to challenge his conviction in previous proceedings or this one, other than Magistrate Judge Smyser's failure

6

to exhaustively comb through the record.

As noted above, the question of a fair opportunity turns on the efficacy of the remedy, not the individual's failure to employ that remedy. In the instant case, Petitioner had an effective avenue to pursue a fair opportunity to challenge his firearms conviction and failed to do so. As such, he was not denied a full and fair chance to challenge his conviction.

Furthermore, the cases cited by Petitioner in his second objection are inapposite. They concern either R & R's for habeas petitions in which objections were not filed, leading to review under the clearly erroneous standard, or R & R's based on motions for summary judgment in civil cases. None of these cases stand for the premise that a Court must review the entire record of a Petitioner's criminal proceeding to conduct a proper *de novo* review. Therefore, Petitioner's objections will be overruled.

## **CONCLUSION**

As the Court has found that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 should be dismiss because he does not satisfy the safety-valve provision laid out in 28 U.S.C. § 2255, the Court will adopt Magistrate Judge Smyser's recommendation and dismiss the petition for writ of habeas corpus.

An appropriate order follows.

| | |
|---|---|
| February 1. 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ADEWALE ALADEKOBA :
:
Petitioner, :
: CIVIL ACTION NO. 3:09-cv-01819
v. :
:
R. MARTINEZ, : (JUDGE CAPUTO)
: (MAGISTRATE JUDGE SMYSER )
Respondent :

## ORDER

**NOW**, this  1st  day of February, 2010, after consideration of Magistrate Judge Smyser's Report and Recommendation recommending that Petitioner's petition for writ of habeas corpus be dismissed, and of Defendants' objections to the Magistrate Judge's Report and Recommendation,  **it is hereby ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DISMISSED**.

4. The Clerk of the Court is to mark the matter in this Court **CLOSED**.

                                             /s/ A. Richard Caputo
                                             A. Richard Caputo
                                             United States District Judge